STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        DOCKET NO. AP-23-28

                              )
                              )
                              )
IN RE: JASON W.               )         **DECISION AND ORDER**
                              )
                              )

Petitioner Jason W. appeals an involuntary commitment order issued by the

District Court (Montgomery, *J.*). For the following reasons, the District Court's

order is affirmed.

## BACKGROUND AND PROCEDURE

On May 30, 2023, a judge endorsed an application for the emergency

involuntary hospitalization of Petitioner. *See* 34-B M.R.S. § 3863. On June 1, 2013,

the Superintendent Designee of Riverview Psychiatric Center ("RPC") filed an

application for Petitioner's involuntary hospitalization. *See id.* § 3863(5-A). The

court set a hearing date, appointed counsel for Petitioner, and ordered that he be

examined by Dr. Robert Gallon. *See id.* § 3864(4)(A).

At a hearing held on June 14, 2023, the court heard testimony from Dr.

Michael Rondon, Petitioner's treating psychiatrist at RPC, that Petitioner had

significant diagnosed mental illness and had engaged in dangerous behavior, and

that a 90-day period of inpatient hospitalization was necessary to keep Petitioner

1

and the community safe. Tr. 9-10, 15, 18-19.[1] Dr. Gallon, who had conducted an independent evaluation, concurred with these conclusions. Tr. 29-31. Petitioner also testified, at times in a rambling and non-responsive manner. Tr. 35-51.

At the conclusion of the hearing, the court entered an order finding by clear and convincing evidence that Petitioner was mentally ill; that his recent actions and behavior indicated that his illness posed a likelihood of serious harm; that adequate community resources for care and treatment of his mental illness were unavailable; and that a period of inpatient hospitalization not to exceed 90 days was the best available means for treatment of Petitioner. *See* 34-B M.R.S. § 3864(6).

Petitioner filed a notice of appeal on June 28, 2023. A new attorney was appointed to represent him for the purposes of the appeal. On September 14, 2023, appointed counsel filed a brief stating that upon review of the case file, he had not identified any arguable issues of merit for this appeal. On September 15, 2023, the court issued an order giving Petitioner 30 days to file a supplemental brief. Petitioner did not file anything. RPC has filed a brief defending the District Court's order.

## STANDARD OF REVIEW

An appeal from a commitment to a psychiatric hospital is on questions of law only. 34-B M.R.S. § 3864(11)(A). The District Court's findings of fact may not be set aside unless they are clearly erroneous. *Id.* § 3864(11)(B); *In re Marcial O.*, 1999 ME 64, ¶ 21, 728 A.2d 158. A reviewing court will "uphold the findings so long as any

---

[1] The transcript of the June 14, 2023, hearing is cited herein as "Tr. [page #]."

competent record evidence supports them." *In re Commitment of M.*, 2020 ME 99, ¶ 26, 237 A.3d 190 (quotation marks omitted).

## DISCUSSION

It is now more than 90 days since the date of Petitioner's commitment on June 14, 2023. By the terms of the commitment order, Petitioner's involuntary hospitalization could not exceed 90 days without hearing, and the order has accordingly expired. The court finds that the appeal is not moot, however, given the potential collateral consequences of an involuntary hospitalization commitment. *See In re Water R.*, 2004 ME 77, ¶ 10, 850 A.2d 346.

Petitioner has not identified any errors of law for appeal. The court has also conducted an independent review of the record and has determined that the District Court's findings are supported by competent record evidence. *In re Commitment of M.*, 2020 ME 99, ¶ 26, 237 A.3d 190.

## CONCLUSION

Based on the foregoing, the District Court's order is affirmed.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 1|30|24

Julia M. Lipez
Justice, Superior Court

3